**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4743**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KAREEM ABDUL SLADE,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:06-cr-01288-PMD)

Submitted:  June 30, 2009          Decided:  July 15, 2009

Before TRAXLER, Chief Judge, KING, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. John Charles Duane, Eric John Klumb, Assistant United States Attorneys, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Abdul Slade appeals from his conviction and 188-month sentence following a guilty plea to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Slade's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Slade's guilty plea, and whether Slade's sentence is reasonable. Slade was advised of his right to file a pro se supplemental brief but did not do so. We affirm.[*]

During Slade's plea hearing, in compliance with Rule 11, the district court properly informed Slade of the rights he was forfeiting as a result of his plea and the nature of the charges and penalties he faced, found that Slade was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. Therefore, the record establishes Slade knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences and

---

[*] This case was placed in abeyance for United States v. Antonio, 311 F. App'x 679 (4th Cir. 2009) (No. 07-4791). We conclude that our decision in Antonio does not affect the outcome of Slade's appeal

there was no error in the district court's acceptance of his plea.

Moreover, a review of the record reveals that the district court did not abuse its discretion in sentencing Slade. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Slade, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, and weighing the relevant § 3553(a) factors. The court found that a sentence of 188-months' imprisonment was appropriate, specifically highlighting Slade's educational, criminal, employment, and familial background, as well as his conduct and culpability. Furthermore, Slade's sentence, which is the bottom of the applicable guidelines range

3

and below the statutory maximum of forty years in prison, is presumed reasonable on appeal. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Slade.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED